SO ORDERED.

Dated: May 11, 2015

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## Minute Entry

Daniel P. Collins, Chief Bankruptcy Judge
_____

### Hearing Information:

**Debtor:** THOMAS DANIEL & JAMIE MARIE TAYLOR
**Case Number:** 0:14-bk-18393-DPC  **Chapter:** 7
**Date / Time / Room:** WEDNESDAY, MAY 06, 2015 09:00 AM  BULLHEAD
**Bankruptcy Judge:** PAUL SALA
**Courtroom Clerk:** JAN HERNANDEZ
**Reporter / ECR:** SELVINA BENNINK

### Matter:

Reaffirmation Agreement filed on behalf of American Honda Finance Corporation
**R / M #:** 24 / 0

### Appearances:

MARK A. SIPPEL, ATTORNEY FOR THOMAS DANIEL TAYLOR, JAMIE MARIE TAYLOR, telephonically with Thomas Taylor also on the telephone

# Minute Entry

(continue)... 0:14-bk-18393-DPC      WEDNESDAY, MAY 06, 2015 09:00 AM

## *Proceedings:*

Mr. Sippel recaps the terms of the agreement and seeks a Moustafi Order from the court.

The Court states the reasons for the agreement not being in the debtor's best interest. The motion is denied.

**COURT:**

    On March 11, 2015, Debtors, Jamie Marie and Thomas Daniel Taylor, entered into a reaffirmation agreement ("Reaffirmation Agreement") on a debt owed to American Honda Finance Corporation (hereinafter referred to as "Creditor") and secured by a 2010 Honda Accord (hereinafter referred to as "Collateral").

    On May 6, 2015, the Debtors appeared at a hearing on approval of the Reaffirmation Agreement. At the hearing, the Debtors informed the Court that they are current on their payments and that the Collateral is insured. After reviewing the Debtors' Statement of Intention and Schedules, including Schedules I and J, the Motion to Reaffirm and Proposed Reaffirmation Agreement, and after conducting a hearing on the Reaffirmation Agreement:

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

    1. That the Debtors' Motion to Approve the Reaffirmation Agreement is DENIED because the Court finds, based on the statement submitted by the Debtors in support of the Reaffirmation Agreement and Debtors' Schedules I and J, that it is not in the Debtors' best interest to reaffirm the debt and/or, to the extent applicable, the presumption of hardship under 11 U.S.C. § 524(m) has not been overcome by the Debtors.

    2. The Debtors have, however, complied with the requirements of 11 U.S.C. §§ 362(h) and 521(a) by timely indicating their intent to reaffirm the debt and by entering into the Reaffirmation Agreement. Because the debtors have complied with the requirements of 11 U.S.C. §§ 362(h) and 521(a)(2), 11 U.S.C. § 521(d), which makes "ipso facto default" clauses enforceable, does not apply in this case. Accordingly, CREDITOR MAY NOT REPOSSESS THE COLLATERAL AFTER DEBTORS' DISCHARGE IS ENTERED BASED SOLELY ON THE DEBTORS' FILING OF THEIR BANKRUPTCY CASE.

    3. Because the Debtors have complied with the requirements of §§ 362(h) and 521(a)(2) and because they are current on their obligations to Creditor, Debtors may retain the Collateral so long as they continue to make timely voluntary payments and comply with the requirements of Creditor's loan documents ("Loan Documents").

    4. If Debtors retain the Collateral, then to the extent possible within its system, Creditor is authorized to send monthly information statements concerning the debt to Debtors, and to continue

Page 2 of 3

Case 0:14-bk-18393-DPC    Doc 34    Filed 05/11/15    Entered 05/11/15 16:14:24    Desc
Main Document      Page 2 of 3      05/11/2015    3:51:12PM

accepting payments from the Debtors in the same manner as prior to the Debtors filing for bankruptcy. Acceptance of voluntary payments from the Debtors, pursuant to the terms of this order, is NOT a violation of 11 U.S.C. § 524(a)(2).

5. In the event that the Debtors retain the Collateral pursuant to paragraph 3 above, and thereafter defaults in the voluntary performance of any of the obligations required by the Loan Documents, Creditor may enforce its lien rights against the Collateral pursuant to applicable non-bankruptcy law. Such enforcement may include written, electronic, and/or telephonic communication to the Debtors to notify the Debtors of Creditor's intention to enforce its lien rights, including making a report of Debtors' default to credit agencies.

6. Because the Reaffirmation Agreement is denied, THE CREDITOR MAY NOT TAKE OR THREATEN TO TAKE ANY ACTION TO COLLECT ITS DEBT AS A PERSONAL LIABILITY OF THE DEBTORS. HOWEVER, COMPLIANCE WITH THE TERMS OF THIS ORDER IS NOT AN ATTEMPT TO COLLECT OR RECOVER ANY PRE-BANKRUPTCY DEBT AS A PERSONAL LIABILITY OF THE DEBTORS.

IT IS FURTHER ORDERED that the Debtors' discharge should not be further delayed.

Dated and signed above.

Copies to be mailed through the BNC to:

Jamie Marie and Thomas Daniel Taylor
4326 E Cane Ranch Road
Kingman, AZ.  86401

American Honda Finance Corporation
**P.O. Box 168088**
**Irving, TX>  75016-8088**